FILED
SUPERIOR COURT
OF GUAM

2023 SEP 19 PM 4: 53

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CM0027-23** |
| | ) | GPD Report No.: 23-02169 |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER RE. |
| | ) | DEFENDANT'S MOTION TO DISMISS |
| | ) | FOR THE ALLEGATION IS DE MINIMIS |
| **NATHAN EDWARD CASTRO,** | ) | |
| DOB: 12/17/1981 | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on June 21, 2023, for a hearing on the Defendant Nathan Edward Castro's ("Defendant") "Motion to Dismiss for the Allegation is De Minimis Re: 9 GCA § 7.94" (the "Motion"). Defendant was present in person at the hearing with counsel William Pole, and Assistant Attorney General Christine Tenorio appeared on behalf of the People. Following the hearing, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001, and now issues this Decision and Order DENYING, IN PART, and GRANTING, IN PART, the Defendant's Motion.

## FACTUAL & PROCEDURAL BACKGROUND

Defendant is charged with five counts of Child Abuse (As a Misdemeanor) in violation of 9 GCA § 31.30(a)(1), as follows:

*People of Guam vs. Nathan Edward Castro*
Criminal Case No. CM0027-23
Decision and Order re. Defendant's Motion to Dismiss
Page **1** of **10**

**Count One**

On or about the 7th day of January, 2023, in Guam, **NATHAN EDWARD CASTRO**, did commit the offense of **CHILD ABUSE (As a Misdemeanor)**, in that while having a child, namely **L.C. (DOB: 3 years old)** in his care and custody, subjected said child to cruel mistreatment, in violation of 9 GCA §§31.30(a)(1).

**Count Two**

On or about the 11th day of January, 2023, in Guam, **NATHAN EDWARD CASTRO**, did commit the offense of **CHILD ABUSE (As a Misdemeanor)**, in that while having a child, namely **L.C. (DOB: 3 years old)** in his care and custody, subjected said child to cruel mistreatment, in violation of 9 GCA §§31.30(a)(1).

**Count Three**

On or about the 19th day of January, 2023, in Guam, **NATHAN EDWARD CASTRO**, did commit the offense of **CHILD ABUSE (As a Misdemeanor)**, in that while having a child, namely **L.C. (DOB: 3 years old)** in his care and custody, subjected said child to cruel mistreatment, in violation of 9 GCA §§31.30(a)(1).

**Count Four**

On or about the 23rd day of January, 2023, in Guam, **NATHAN EDWARD CASTRO**, did commit the offense of **CHILD ABUSE (As a Misdemeanor)**, in that while having a child, namely **L.C. (DOB: 3 years old)** in his care and custody, subjected said child to cruel mistreatment, in violation of 9 GCA §§31.30(a)(1).

**Count Five**

On or about the 23rd day of January, 2023, in Guam, **NATHAN EDWARD CASTRO**, did commit the offense of **CHILD ABUSE (As a Misdemeanor)**, in that while having a child, namely **R.J.C. (DOB: 7 years old)** in his care and custody, subjected said child to cruel mistreatment, in violation of 9 GCA §§31.30(a)(1).

*Magistrate's Compl.* (Jan. 25, 2023)(collectively referred to herein as the "Charges").

With respect to the facts which constitute the basis for the Charges, the Declaration in support of the Complaint yields the following:

**Count One (January 7, 2023):** Video Footage showed Defendant strike L.C. (3 years old) on the face.

*People of Guam vs. Nathan Edward Castro*
Criminal Case No. CM0027-23
Decision and Order re. Defendant's Motion to Dismiss
Page **2** of **10**

**Count Two (January 11, 2023):** Video Footage showed Defendant strike L.C. (3 years old) on the face.

**Count Three (January 19, 2023):** Video Footage showed Defendant push over L.C.'s (3 years old) highchair, causing L.C. to fall.

**Count Four (January 23, 2023):** Video Footage shows Defendant pushed L.C.'s (3 years old) face down on the couch and strike L.C.'s lower body with what appeared to be a slipper. According to minor R.J.C. (7 years old), Defendant spanked L.C. (3 years old) with a remote control, which made L.C. cry.

**Count Five (January 23, 2023):** Minor victim R.J.C. (7 years old) stated that Defendant spanked his feet two times with a black slipper.

*Affid. of Probable Cause* (Jan. 25, 2023).

In his Motion, the Defendant does not deny the actions captured in video footage or even as reported by the minor R.J.C., but argues that these acts do not constitute the crime of Child Abuse because they are justified under 9 GCA § 7.94 (a), and should, therefore, be dismissed as *de minimis* under 9 GCA § 7.67. Defendant concedes that, while his actions may be grounds for civil liability through a CPS investigation or action, Defendant is not criminally liable under the applicable Guam law, 9 G.C.A. § 31.30(a)(1). In support of his motion, Defendant filed certain pages of discovery (police reports) under Seal, which the Court has reviewed in aid to its determination herein.

The People oppose Defendant's Motion, arguing that the force used by the Defendant is "either intended to cause or created a substantial risk of causing extreme pain" to a three-year-old, who was a minor under Defendant's care. *See People's Opposition to Dismiss* (Mar. 20,

*People of Guam vs. Nathan Edward Castro*
Criminal Case No. CM0027-23
Decision and Order re. Defendant's Motion to Dismiss
Page **3** of **10**

2023). The People concede that the factual allegations upon which Count 5 is based are "substantially less serious than Counts 1-4." *Id.* The People also submitted, under Seal, a portion of the police reports, which the Court has also reviewed in making its determination.

## LEGAL ANALYSIS

In determining whether Defendant's acts are *de minimis* under 9 GCA § 7.94, the Court turns first to the Child Abuse statute under which Defendant has been charged. 9 GCA § 31.30(a)(1) provides, in relevant part, as follows: "(a) A person is guilty of child abuse when: (1) he subjects a child to cruel mistreatment." 9 GCA § 31.30(a)(1). The Guam statute does not specifically define "cruel mistreatment" under the child abuse statute; however, Defendant argues that such an illegal act would require a showing of "extreme pain" or "gross degradation" under 9 GCA § 7.94, which is a statute permitting the use of physical force by a parent or guardian against a minor child under certain circumstances.

9 GCA § 7.94 provides justification for the use of force by a person "having special care, duty or responsibility for another" and provides, in relevant part, as follows:

> The use of force upon another person is justified under any of the following circumstances: (a) a parent, guardian or other person responsible for the care and supervision of a minor less than eighteen years of age, or a person acting at the direction of such person, may use **necessary force** upon the minor **for the purpose of safeguarding or promoting his welfare**, including prevention and punishment of his misconduct. **The force used for this purpose must not be intended to cause or known to create a substantial risk of causing extreme pain or gross degradation. ... .**

9 GCA § 7.94 (emphasis added). A plain reading of the statute justifying the use of any physical force against a minor requires that such force be "necessary force ... for the purpose of safeguarding or promoting his welfare." As such, the first inquiry before the Court is whether the

*People of Guam vs. Nathan Edward Castro*
Criminal Case No. CM0027-23
Decision and Order re. Defendant's Motion to Dismiss
Page **4** of **10**

force used by the Defendant, a 41-year-old male, against a 3-year-old child constitutes such "necessary force ... for the purpose of safeguarding or promoting [L.C.'s] welfare." Does "striking" a 3-year-old in the face (January 9 and January 11); pushing a 3-year- old's highchair while he is in it, thereby causing the child to fall (January 19); pushing a 3-year-old's face down on a couch and striking the child's lower body with a slipper (January 23) and spanking a 3-year-old with a remote control causing the child to cry (January 23) all "necessary force ... for the purpose of safeguarding or promoting [L.C.'s] welfare"? Defendant claims that all of these acts are justified under Section 7.94, but he fails to establish how they constituted the "necessary force" contemplated by 9 GCA § 7.94. In reviewing the police report sections filed under Seal, nothing therein supports a finding of such "necessary force."

Defendant then argues that any acts that fall outside of the provisions of Section 7.94 must be shown to have been committed with the intent to cause, or knowledge that the acts would create a substantial risk of causing, "extreme pain or gross degradation." However, Defendant misapprehends what Section 7.94 provides. Indeed, a plain reading of this Section grants parents, guardians and those charged with the care of minors, the ability to employ physical responses which are "necessary" to ensure the safety and welfare of these minors. On the extreme end of such physical force, which is clearly *not* permitted by this statute, is that which creates a substantial risk of causing extreme pain or gross degradation. However, just because the physical restraint or force does not result in such extreme pain or gross degradation (or any marks on the body, as Defendant proffers), Section 7.94 does not grant a wholesale justification of the use of physical force on a child when it is not also "necessary." With respect to intent, therefore, Defendant correctly notes that he must be shown to have acted intentionally, knowingly or

*People of Guam vs. Nathan Edward Castro*
Criminal Case No. CM0027-23
Decision and Order re. Defendant's Motion to Dismiss
Page 5 of 10

recklessly in the conduct as charged. *Reply* at p. 3 (citing to 9 GCA § 4.40). With respect to this Motion, the Court need not pass on the question of Defendant's intent, but must assume that the acts were committed as charged – regardless of intent. *State v. Zarrilli*, 216 N.J. Super. 231, 236, 523 A.2d 284, 286 (Law. Div.), aff'd, 220 N.J. Super. 517, 532 A.2d 1131 (App. Div. 1987)("When a de minimis motion is addressed it must be assumed that the conduct charged actually occurred."). Thus, it is for the jury, at trial, to determine whether the People satisfied its burden of proof as to the intent of the Defendant.

We then turn to the question of whether the acts in which the Defendant is alleged to have engaged are *de minimis* under 9 GCA § 7.67. If the Court finds these acts are *de minimis* under this statute, then the Court may dismiss the charges against the Defendant. Section 7.67 provides as follows:

9 GCA § 7.67. Appropriateness of Prosecution.

The court shall dismiss a prosecution if, ***having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances***, it finds that the defendant's conduct:

(a)     Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(b)     Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(c)     Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

*People of Guam vs. Nathan Edward Castro*
Criminal Case No. CM0027-23
Decision and Order re. Defendant's Motion to Dismiss
Page **6** of **10**

9 GCA § 7.67 (emphasis added)(referred to herein as the "de minimis statute"). The de minimis statute directs the trial court to dismiss a prosecution if it finds that the defendant's conduct falls within at least one of the three distinct circumstances. *Guam v. Perez*, 2004 Guam 4, ¶¶ 6 - 9. In considering this question, the Court should assume all factual allegations as true and determine whether the alleged conduct exposes society to a risk of harm sufficient to warrant conviction. *Id.* at ¶ 16. Moreover, the Court is tasked with "focusing on objective factors directly related to the Defendant's conduct and, in particular, the consequences for the societal interests involved." *Id.* at ¶ 12 (citing to *State v. Zarrilli,* 523 A.2d 284 (N.J.Super. Ct. Law Div.1987), *aff'd,* 532 A.2d 1131 (N.J.Super.Ct.App.Div.1987).

The Guam Supreme Court adopted the New Jersey court's guidance in *Zarrilli*, which eloquently defined the question that the Guam trial courts should answer in determining whether an offense is "truly trivial":

> The protection to which society is entitled is provided by a dismissal only when the offense is truly 'trivial.' Consequently, it is public risk that determines what is trivial. The one question to be asked and answered in response to a *de minimis* motion is therefore:
>
> *What is the risk of harm to which society is exposed by defendant's conduct?*

*Perez* at ¶ 12 (quoting *Zarrilli*)(emphasis added).

In determining what factors to consider in answering this question, the Guam Supreme Court noted consideration of: (a) circumstances surrounding the commission of the offense, (b)

*People of Guam vs. Nathan Edward Castro*
Criminal Case No. CM0027-23
Decision and Order re. Defendant's Motion to Dismiss
Page **7** of **10**

the existence of contraband, (c) the amount and value of property involved, (d) the use or threat of violence and (e) the use of weapons. *Perez* at ¶ 12.[1]

The Court now applies these factors as laid out in *Perez* and *Zarrilli*:

**a. Circumstances surrounding the commission of the offense.**

There is no explanation given by the Defendant in his moving papers relating to the circumstances surrounding the striking of three-year-old L.C.'s face twice on January 9 and 11; or pushing L.C.'s highchair on January 19, causing L.C. to fall; or pushing L.C.'s face down on the couch and striking L.C.'s lower body with what appeared to be a slipper; or spanking L.C. with a remote control, which made L.C. cry. However, applying the justification for "necessary force" standard in 9 GCA § 7.94, it would appear that there is no rational or reasonable explanation for the use of physical force to ensure L.C.'s welfare and safety. Moreover, in order to find Defendant's acts to have been *de minimis,* the Court must first make "factual determinations with respect to the conduct charged *and the attendant circumstances*." *Perez* at ¶ 6 (citing *State v. Carmichael,* 53 P.3d 214, 218 (Haw. 2002)). Because the Defendant has not explained his actions or the attendant circumstances that might have justifed his actions, the Court cannot so find as Defendant urges; therefore, this factor weighs against finding Defendant's actions *de minimis* or that there was little risk of harm to society by such actions.

//

//

---

[1] The Guam Supreme Court noted that *Zarrilli* excluded from consideration any speculation because "every trivial offense can be seen as the first step toward serious misconduct. … Suspicion that future misconduct may occur is not a basis for a charge of present misconduct in our system of justice." *Zarrilli* at p. 238. The New Jersey court also excluded deterrence because it is a sentencing concern and does not measure triviality. *Id.*

*People of Guam vs. Nathan Edward Castro*
Criminal Case No. CM0027-23
Decision and Order re. Defendant's Motion to Dismiss
Page **8** of **10**

### b. The existence of contraband.

There is no allegation that contraband was involved. Therefore, the Court finds that this factor weighs in finding the risk of harm to society to be lower where no illicit drugs, alcohol or other substances were also used.

### c. The amount and value of property involved.

There is no allegation of property damage in this case. This factor weighs neither for nor against the risk of harm to society.

### d. The use of weapons.

There were no allegations that the Defendant used a weapon against L.C. or R.J.C., however, it is alleged that the Defendant struck the 3-year-old on the face twice, struck him/her with a remote control, pushed the highchair on which the child was on and causing him to fall. So, while there were no weapons alleged to have been used by the Defendant in this case, the actions of a 41-year-old as against a 3-year-old in this case when not deemed to fall within "necessary force" based upon what has been presented to the Court in the instant Motion, weigh in favor of finding a high risk of harm to society by such actions. Indeed, it has been determined that any item may be used as a "weapon" if used with enough force against an individual and, most certainly, against a three-year-old child.

It is noteworthy that the court in *Zarilli* found that "other factors may appear in a given case" that might establish a finding of risk of harm to society. In this case, the amount of force that may have been used by the Defendant in each of these alleged instances will impact the risk of harm to society by allowing unnecessary force to be used against minors.

*People of Guam vs. Nathan Edward Castro*
Criminal Case No. CM0027-23
Decision and Order re. Defendant's Motion to Dismiss
Page **9** of **10**

Based upon the Court's analysis of the *de minimis* factors set forth herein and considering the information provided to it by the Defendant in support of his Motion, the Court DENIES Defendant's Motion with respect to Counts One through Four involving L.C.. However, the Defendant may be able to justify the use of "necessary force" at trial by invoking 9 GCA § 7.94.

On the other hand, applying these same factors to Count Five, relating to spanking 7-year-old R.J.C.'s feet twice with a black slipper, the Court finds that, although reasons or context were not given for committing this act upon R.J.C., this act constitutes a very low risk of harm to society. Consequently, Count Five is DISMISSED as *de minimis* under 9 GCA § 7.67.[2]

## CONCLUSION

For the above reasons, the Defendant's Motion to Dismiss for the Allegation is De Minimis is **DENIED** as to Counts One through Count Four and **GRANTED** as to Count Five.

**SO ORDERED** this SEP 1 9 2023 _____.

_____
**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

---

[2] The Court will not apply the justification under 9 GCA § 7.94 here because no context or reason was given by the Defendant for spanking R.J.C.'s feet with the slippers. However, in light of the factors set forth in *Perez* and *Zarrilli*, the Court finds these acts to be within a customary license or tolerance or that this act did not cause or threaten the harm or evil sought to be prevented by the law against Child Abuse, or did so only to an extent too trivial to warrant the condemnation of the Defendant or his conviction thereunder.

*People of Guam vs. Nathan Edward Castro*
Criminal Case No. CM0027-23
Decision and Order re. Defendant's Motion to Dismiss
Page **10** of **10**